PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ENGRACIA PADILLA ET AL., Defendants and Appellants.

No. 6029. Argued November 5, 1936.—Decided November 18, 1936.

*Dubón & Ochoteco* for appellants.  R. A. *Gómez, Prosecuting Attorney* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The complaint in this case read as follows:

"I, Francisco Miranda García, resident of Corozal, of age, complain against Engracia Padilla, Bernardo Padilla, José Santiago and Florentino González, for a crime consisting in the violation of Section 371 of the Penal Code, now in force, committed in the following manner: That on the 21st of May, 1935, and in the daytime, and in the Ward of Palos Blancos in the municipality of Corozal, Puerto Rico, which forms part of the municipal judicial district of Toa Alta, which in turn forms part of the Judicial District of Bayamón, Puerto Rico, the defendants, Engracia Padilla, Bernardo Padilla, José Santiago and Florentino González, unlawfully, wilfully and maliciously *and against the express will of the complaining witness* entered into his domicile a house situated in the Ward of Palos Blancos of Corozal, Puerto Rico, and once inside the domicile of the complaining witness, said defendant individually and in unison, *but directed by Engracia Padilla,* committed acts of ownership therein, disturbing and throwing out all the household belong-

ings of the complaining witness from his house and into the open, then proceeding to destroy said house which they did. None of the said defendants were public officials in the exercise of their duties executing an order of ouster issued by a court of justice of Puerto Rico with jurisdiction. All of this being contrary to law.''

██ The appellants were convicted on appeal to the District Court of Bayamón and assign in this court three errors. The first is that the complaint is insufficient because in effect it fails to follow the words of the statute. The complaint says that the appellants entered the house against the express (*expresa*) will of the occupant when according to appellants it should have said against the expressed (*expresada*) will of the occupant.

Section 371 of the Penal Code in Spanish provides:

''Toda persona que empleare fuerza o violencia al invadir u ocupar terrenos u .otras propiedades públicas o privadas, o que excitare o ayudare a otra persona para que lo haga, salvo en los casos y en forma prevenida en la ley, incurrirá en pena que no excederá de dos años, ni bajará de seis meses de prisión, o multa no mayor de mil ni menor de quinientos dollars. Toda persona que penetrare en domicilio ajeno, contra la voluntad expresada del morador, salvo también los casos y en la forma permitida por. la ley, incurrirá en pena que no bajará de tres meses, ni excederá de seis meses de prisión, o en multa de doscientos a quinientos dollars.''

The second sentence of this section, in English, reads:

''And every person entering in another person's domicile, against the express consent of the tenant, except also in the cases and in the manner provided by law, is punishable by imprisonment not less than three months nor more than six months or fine not less than two hundred dollars nor more than five hundred dollars.''

For the purposes of this statute we find no difference between the words ''express'' and ''expressed'' and if the Spanish words are considered the difference is perhaps even less. *''Expresa''* and *''expresada''* each carry the same idea of a previous expression by the tenant that the offending person should not enter the premises.

■ It is not necessary to use the exact words of the statute. *People* v. *Pagán,* 49 P.R.R. 423. The case of *People* v. *Pérez and Maldonado,* 35 P.R.R. 104, cited by appellants, holds nothing to the contrary.

■ The English text and the Spanish text of Section 371 differ. The Spanish text says *"contra la voluntad expresada del morador,"* while the English text says "against the express consent of the tenant." This was a statute passed in 1906 and if the English text should prevail there was a clear violation, as the entry was not with the express consent of the tenant.

■ The second assignment of error is that there was no offense charged against Engracia Padilla. Here the theory is that the only charge against Engracia Padilla was that he directed the crowd, but if the complaint be examined, it will be readily seen that there was a general charge against all the defendants of having entered.

The third assignment of error needs no discussion other than to say that it was too general and not discussed by the appellants.

The judgment appealed from should be affirmed.

. Mr. Chief Justice Del Toro took no part in the decision of this case.